[598 NYS2d 710]

In the Matter of JOHN D. GOLDMAN (Admitted as JOHN DAVID GOLDMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 18, 1993

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John D. Goldman,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, John D. Goldman was admitted to the practice of law in New York by the First Judicial Department on December 12, 1966, under the name John David Goldman.

By affidavit dated February 4, 1993, respondent seeks an order pursuant to 22 NYCRR 603.11 permitting him to resign as a member of the Bar of the State of New York. Respondent states that his resignation is freely and voluntarily rendered; he has not been subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation.

Respondent acknowledges that there are two pending investigations before the Departmental Disciplinary Committee into allegations that he is guilty of professional misconduct. The first complaint was filed by Nicholas H. Rozos, Esq. and Steven E. Stein, Esq. on June 10, 1991. The complaint alleges that from January 1991 through April 1991 respondent withdrew monies totaling approximately $96,500, which his former partner, Mr. Stein and his co-escrow agent, Mr. Rozos, had placed in a trust account in the name of Goldman & Stein on behalf of clients of Messrs. Stein and Rozos. Respondent states that it is alleged that he removed these monies from the trust account without the knowledge, consent or authority of either Mr. Stein or Mr. Rozos. It is further alleged that respondent returned all of the withdrawn funds with the accrued interest to Mr. Stein on May 23, 1991. No demands had been made on the agents for the escrow in the meantime.

Having reviewed the allegations in the complaints of Messrs. Rozos and Stein, respondent acknowledges that he cannot successfully defend himself on the merits against those allegations if charges were predicated upon them.

The second complaint pending against respondent was filed by Glenn Richard. As to this complaint, respondent states that he believes that he can defend himself and meet the allegations therein, and that there were no violations of any disciplinary rules.

A review of the affidavit of resignation submitted by respondent indicates that it fully complies with the requirements of section 603.11 of this Court's Rules governing the Conduct of Attorneys. Respondent acknowledges that (1) he is the subject of a pending investigation or disciplinary proceeding into allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily rendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) if charges were predicated upon the misconduct under investigation he could not successfully defend himself on the merits against such charges.

While respondent claims that he can defend himself on the merits against the allegations of the Richard complaint and little detail is given concerning that complaint, respondent does admit that he cannot defend himself on the merits against the allegations of the Stein and Rozos complaint, thus admitting that he misappropriated over $96,000. As such, respondent has admitted to engaging in serious professional misconduct.

Accordingly, respondent's resignation is accepted and respondent's name is ordered stricken from the roll of attorneys.

ROSENBERGER, J. P., ELLERIN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent's resignation is accepted and filed and his name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective May 18, 1993.